UNITED STATES of America

v.

ONE 1977 LINCOLN MARK V. COUPE,
Linda Whitby, Appellant.

No. 80–2105.

United States Court of Appeals,
Third Circuit.

Argued Jan. 23, 1981.

Decided March 12, 1981.

As Amended March 25, 1981.

Rehearing and Rehearing In Banc
Denied April 9, 1981.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Susan Dein Bricklin (argued), Sp. Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Emil W. Kantra, II (argued), Richard J. Makoul, Allentown, Pa., for appellant.

Before GIBBONS and VAN DUSEN, Circuit Judges, and ACKERMAN,* District Judge.

* Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

1. 21 U.S.C. § 881 provides in pertinent part:
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
   (2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this subchapter.
   (3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2).
   (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2).
   Heroin satisfies the definition of controlled substance. 21 U.S.C. § 802(6); 21 U.S.C. § 812.

2. 49 U.S.C. § 782 provides in relevant part:
   Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited....
   49 U.S.C. § 781 provides:

## OPINION OF THE COURT
ACKERMAN, District Judge.

This is an appeal from a final judgment granting forfeiture of an automobile to the United States pursuant to 21 U.S.C. § 881[1] and 49 U.S.C. § 782.[2] Judgment was entered on June 25, 1980 by the Honorable Donald W. Van Artsdalen of the Eastern District of Pennsylvania. The appeal challenges the judgment on two grounds: (1) that the District Judge erred in concluding that the evidence adduced by the government at trial established the probable cause required under the statute for forfeiture; (2) that the warrantless seizure of the car was unlawful. For the reasons expressed herein, we affirm the District Court.

The forfeited vehicle is a white 1977 Lincoln Mark V. Coupe registered in the name of Linda Whitby. The events leading up to the seizure and subsequent forfeiture began

(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(b) As used in this section, the term "contraband article" means—(b) to include:
(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith; or which has been acquired or is possessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith; or which has been acquired by theft, robbery, or burglary and carried or transported within any Territory, possession, or the District of Columbia, or from any State, Territory, possession, the District of Columbia, or the Canal Zone, to another State, Territory, possession, the District of Columbia, or the Canal Zone; or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations....
Because the procedures and standards for forfeiture under 21 U.S.C. § 881 and 49 U.S.C. § 782 are the same, we will refer only to 21 U.S.C. § 881 for convenience.

in July 1979 when Robin Coy Blue, an undercover informant for the Easton, Pennsylvania Police Department, arranged to purchase heroin from Robert Johnson on July 10, 1979.

On the appointed day, Easton Police Officers Serfass and Beers drove Blue to the Hotel Easton to meet with Johnson and make the purchase. Blue telephoned room 705 from the hotel lobby. A female voice, later identified as Ms. Whitby's, answered the phone and told Blue that Johnson was out.

Blue then left the hotel and walked down a nearby alley. In the alley he saw Johnson and a man named Wilcox bending under the open hood of a white Lincoln Continental Mark V. Coupe. Johnson stepped approximately 4 feet from the car, reached into his left pocket and brought out two packets, one tinfoil and one cellophane. He exchanged these packets, the contents of which were later determined to be heroin, with Blue for $160.00. This sequence of events was observed by Detective Beers who radioed to Detective Serfass that the purchase was completed.

Serfass then walked to the rear of the hotel where he could observe the car and Johnson from the window. After about two minutes Ms. Whitby joined Johnson and spoke to him briefly. Johnson then reached into his left pocket, removed several tinfoil packets and placed them in the trunk of the Lincoln. The tinfoil packets resembled the one just sold to Mr. Blue which contained heroin.[3]

Two months later, on September 6, 1979, the Easton Police Department arrested about 25 people involved in narcotics transactions, including Mr. Johnson. At the time of his arrest, Johnson turned over the keys to the Lincoln and told the police where it was parked. The car was seized without a warrant the same day from the Williams Car Care Center.

On December 6, 1979, the United States filed its complaint in forfeiture. After a trial without a jury, the district judge ordered forfeiture of the automobile.

■ Under 21 U.S.C. § 881(a), a vehicle is subject to forfeiture if it is used or intended for use "to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances. The burden of proof in a forfeiture proceeding is on the claimant once the government has shown probable cause that the vehicle has been used in contravention of the statute. 19 U.S.C. § 1615.[4] The district court concluded that the government had shown more than probable cause. Since probable cause is an "ultimate fact" to be reasonably derived from the basic facts, this court is not bound by the "clearly erroneous" standard of review of Fed.R. Civ.P. 52(a). We can make an independent determination by examining the basic facts found by the district court. *United States v. One 1950 Buick Sedan*, 231 F.2d 219, 223 (3d Cir. 1956). On the basis of this independent examination we reach the same conclusion as the district judge, namely that the government demonstrated probable cause.

■ The appellant argues that there is no evidence that the car was used to transport or conceal a controlled substance. The packets containing heroin were removed from Johnson's pocket when he was standing 4 feet from the car. Additionally, the appellant argues that there is no evidence that the packets which Johnson later placed in the trunk of the car contained heroin. The appellant mistakes the nature of probable cause. The United States Supreme Court in *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) characterized probable cause in the following manner:

car had been used for the purpose of carrying and concealing drugs.

---

3. There was also a later sales transaction on July 24, 1979 between Johnson and Blue. The substance sold in this later transaction was not shown to be heroin. 75a–76a. The District Judge, however, did not rely on the events in this subsequent action for his finding that the

4. Both 21 U.S.C. § 881(d) and 49 U.S.C. § 784 make procedures under customs seizure applicable to drug traffic related seizures.

In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

*Id.* at 175, 69 S.Ct. at 1310. Since the forfeiture statute only requires that the government show probable cause to prevail, the government did not have to prove that the foil packets placed in the trunk of the Lincoln actually contained heroin. It is enough that the packets resembled those which contained heroin and that they were removed from the same left pocket a short time after the packets of heroin were removed. Additionally, even if the packets placed in the trunk of the car did not contain heroin, there was sufficient evidence to support a finding of probable cause that the car was used to "facilitate" the sale of a controlled substance. This court in *One 1950 Buick Sedan, supra,* considered the statutory meaning of "facilitate."[5] We stated that the test was "whether there was a reasonable ground for belief that the use of the automobile made the sale less difficult and allowed it to remain more or less free from obstruction or hinderance." *One 1950 Buick Sedan, supra* at 222. The facts in this case satisfy the test. The presence of the automobile with its hood up provided a convenient cover whereas two men alone in an alley might have appeared suspicious. Under these circumstances, a reasonable belief is warranted that the automobile facilitated the sale. The facts presented by the government amply support the district court's conclusion of probable cause to believe that the car was used either to conceal a controlled substance or to facilitate the sale of a controlled substance.

■ We turn now to the appellant's contention that the warrantless seizure of the automobile was unlawful. The vehicle was seized pursuant to procedures set out in section 881(b).[6] In general, that section provides for seizure under a warrant issued pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims. One of the exceptions to the warrant requirement allows seizure when "the Attorney General has probable cause to believe that the property has been or is intended to be used in violation of this subchapter." 21 U.S.C. § 881(b)(4). It was this exception that the government relied on in making the seizure.

There is no question, as we just concluded, that there was probable cause to believe that the vehicle had been used in contravention of the statute. It is clear, therefore, that the literal terms of the exception to the statutory warrant requirement were satisfied. The appellant argues, however, that the (b)(4) exception should be construed to apply only where there are exigent circumstances excusing the need to obtain a warrant. This construction is urged on both statutory and constitutional grounds.

**5.** Although in *One Buick 1950 Buick Sedan* we interpreted "facilitate" as used in 49 U.S.C. § 784, the interpretation is equally applicable to 21 U.S.C. § 881.

**6.** 21 U.S.C. § 881(b) states:

(b) Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

(2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;

(3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter.

In the event of seizure pursuant to paragraph (3) or (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly.

The appellant contends that a literal reading of the (b)(4) exception swallows the general rule of the statute requiring a warrant and that therefore a narrower construction of the exception is required. This was the analysis used by the First Circuit Court of Appeals sitting en banc in *United States v. Pappas*, 613 F.2d 324 (1st Cir. 1979). While this is an imaginative approach, we find the view expressed by Judge Campbell in the concurrence more persuasive. Judge Campbell points out that obtaining a warrant under the supplemental admiralty rules is quite different from obtaining one under the rules of criminal procedure. *Pappas, supra*, at 333 (Campbell, J. concurring in result). Under the supplemental admiralty rules, a warrant is issued "forthwith" upon the filing of a verified complaint without a probable cause determination. *Id.* Additionally, there is nothing in the legislative history of § 881 to suggest that Congress intended a more stringent procedure for § 881 forfeiture cases than had hitherto been required under the supplemental admiralty rules.

In view of the rather pro forma admiralty warrant procedure and the absence of legislative intent, we believe that an "exigent circumstances" requirement should not be read into the (b)(4) exception as a matter of statutory construction. *Accord Pappas, supra*, at 334 (Campbell, J. concurring in result).

The appellant also argues that a literal reading of the (b)(4) exception violates the Fourth Amendment because it does not fit into any of the recognized exceptions to the warrant requirement. However, it has long been established in this Circuit that a warrant is not required for seizure in a forfeiture action. As we stated in *United States v. $1,058.00 in United States Currency*, 323 F.2d 211, 213 (3d Cir. 1963):

> [T]he body of law relating to unlawful searches, arrests and seizures in criminal proceedings is without impact in a libel for forfeiture action which is an *in rem* proceeding.

In *United States v. Troiano*, 365 F.2d 416 (3d Cir. 1966) we reaffirmed the propriety of warrantless seizures in forfeiture actions stating:

> But the car in this case and the counterfeit stamps in it were not property the ownership or possession of which the law protects. *See Brinegar v. United States*, 1949, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879. Quite to the contrary, both the stamps and the car containing them were contraband, subject as such to seizure without warrant and over the possessor's objection. *Brinegar v. United States, supra, Carroll v. United States*, 1925, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543; *Armada v. United States*, 5th Cir., 1963, 319 F.2d 793; *cert. denied* 370 U.S. 906, 84 S.Ct. 659, 11 L.Ed.2d 605.

*Troiano, supra*, at 418. The only requirement for a seizure in a forfeiture action is probable cause. *Id.* Accordingly, the (b)(4) exception allowing a warrantless seizure where supported by probable cause does not offend the Fourth Amendment. We must conclude, therefore, that the seizure in this case, which was supported by probable cause, was lawful. Because this case does not present a very long or completely unexplained delay between the occurrence of events giving rise to probable cause and the seizure, we need not decide whether in certain cases section 881(b)(4) should be read to imply a reasonable time requirement or require an explanation for the delay.

The order of the district court granting forfeiture of the 1977 Lincoln Mark V. Coupe to the United States will be affirmed.