**UNITED STATES of America,
Plaintiff,**

v.

**47 MM CANNON & 67 Other Firearms
and Ammunition, Defendants.**

No. CA–99–01874–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 4, 2000.

Gordon D. Kromberg, Assistant United States Attorney, Alexandria, VA, for plaintiff.

Richard D. Gardiner, Fairfax, VA, for defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the Court on the Plaintiff's Motion for Summary Judgment. For the following reasons, Plaintiff's motion is GRANTED.

### I. Background

On March 20, 1996, David Boles was convicted of a felony in a Virginia common-wealth court. On August 12, 1999, the Defendants—various firearms and ammunition—were seized from this possession. On September 29, 1999, Boles pled guilty to possessing the Defendant firearms and ammunition after being convicted of a felony. This is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]

The Government now brings this civil forfeiture action against the Defendant firearms and ammunition and moves at this time for summary judgment against the Defendants. Claimants, Anthony Boles, Connie Christopher, and Chris Dickenson, oppose forfeiture on several grounds.

### II. Standard of Review

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir.1991).

The very existence of a scintilla of evidence supporting the non-moving party's position is insufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Rather, the court must determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant. *Anderson*, 477 U.S.

---

1. Title 18 U.S.C. Section 922(g) states, in pertinent part:

    It shall be unlawful for any person—
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    Title 18 U.S.C. Section 924(a)(2) state, in pertinent part:

    Except as otherwise provided ... whoever—
    Whoever knowingly violates subsection ... (g) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

at 252, 106 S.Ct. 2505; *Brock*, 933 F.2d at 1259.

### III. *Analysis*

Title 18 U.S.C. Section 924(d) states, in pertinent part that: "Any firearm or ammunition involved in ... a violation of subsection ... (g) ... of section 922 ... shall be subject to seizure and forfeiture." In this case, the Government claims that it is undisputed: that Boles pled guilty to violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); that the Defendants in this case are firearms and ammunition in and affecting interstate commerce; and that the Defendants are the same as those involved in Boles' violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As such, the Government contends, the Defendants are subject to forfeiture. (Plf's Brief at 3.)

### A. Claimants' Constitutional Challenges

#### 1) Burden of Proof

Claimants first oppose forfeiture on constitutional grounds. Claimants argue that the "probable cause" burden of proof suggested by the Government violates the Fifth Amendment right to due process. (Claimants' Opp. at 1.) Claimants assert that forfeiture is "quasi-criminal in character," therefore, the Government must show beyond a reasonable doubt that Boles was involved in a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.* at 1–2.)

■ Contrary to Claimants' broad reading of the dicta in *Austin v. United States*, 509 U.S. 602, 614, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Supreme Court has held that *in rem* forfeiture proceedings under § 924 are civil in nature.[2] *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361–62, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). As such, the Government need not prove the elements

of forfeiture under § 924 beyond a reasonable doubt.

The Government would have this Court apply a "probable cause" standard under § 924. A "probable cause" standard is used in Title 21 U.S.C. Section 881 and 18 U.S.C. 981 forfeiture proceedings. *United States v. Thomas*, 913 F.2d 1111, 1114 (4th Cir.1990). However, a search of the case-law reveals that the vast majority of reported cases apply the "preponderance of the evidence" standard in § 924 forfeiture proceedings. *See* Ronald I. Mirvis, *Seizure and Forfeiture of Firearms or Ammunition Under 18 U.S.C.A. sec. 924(d)*, 57 A.L.R.Fed. 234, at § 6 (West Supp. 1999) (citations omitted). As such, the Court is not inclined to apply a lesser burden of proof.

Nonetheless, even under the more demanding "preponderance of the evidence" standard, the Court finds that the Government is entitled to summary judgment. In other words, judgment as a matter of law is appropriate under either standard because there are no facts in dispute.

#### 2) Excessive Fine

■ Claimants also argue that civil forfeiture in this case constitutes an unconstitutionally Excessive Fine. (*Id.* at 10.) "If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." *United States v. Bajakajian*, 524 U.S. 321, 337, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). It is not clear that this standard applies in this case, because the action is against the Defendants rather than the Claimants. Even under the Excessive Fine standard, however, the Court finds that forfeiture in this case is not excessive. The Defendants are the instruments of Boles' § 924(a)(2) and 922(g) violations. He was prohibited by law from ever acquiring or possessing firearms or ammuni-

---

**2.** The language cited by Claimants was prefatory dicta. The *Austin* Court spoke in generalities before entering into a more detailed discussion of Title 21 U.S.C. Section 881.

The holding in *89 Firearms* was not disturbed by the dicta or by the Court's ultimate holding in *Austin*.

tion after his conviction in a Virginia court. In this light, there can be no gross disproportionality between the gravity of Boles' offense and the forfeiture.

## B. Claimants' Opposition to Summary Judgment

The Court now turns to Claimants' opposition to summary judgment. Claimants argue that the Government has failed to satisfy its burden because the undisputed facts do not warrant summary judgment. At the heart of Claimants' argument is their assertion that Boles' guilty plea is hearsay and, therefore, inadmissible to prove the elements of forfeiture in this proceeding. (Claimants' Opp. at 3.) Because the Government cannot rely on Boles' guilty plea to prove the elements of the forfeiture statute, Claimants contend that summary judgment is unwarranted.

To prevail here on summary judgment, the Government must show that there are no disputed facts with respect to: (1) Boles' violation of § 922(g); and (2) the fact that the Defendants in this forfeiture proceeding are the same as those involved in Boles' violation of § 922(g).

### 1) Proof of § 922(g) Conviction

In order to establish the violation of § 922(g), the Government must show: (a) that Boles was convicted of a crime punishable by imprisonment for a term exceeding one year; (b) that he possessed firearms or ammunition within the meaning of the statute; and (c) that the firearms were "in or affecting commerce."

■ The Court will consider first whether there are any disputed facts pertaining to the Government's proof of Boles' violation of § 922(g). The Court finds that Boles is estopped from challenging any of the elements of his conviction under 922(g). Claimants challenge the application of estoppel in this case. They argue that Boles' guilty plea cannot be used by the Government to establish the violation, particularly the jurisdictional nexus—"in or affecting commerce"—required under § 922(g). However, courts have applied estoppel in analogous situations and the Court does not hesitate to do so in this case.[3]

■ Even if estoppel were not applied, Federal Rule of Evidence 803(22) permits the Government's use of a guilty plea evidence to prove the elements required in a forfeiture proceeding. Rule 803(22) states, in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> Evidence of a final judgment, entered after a trial or upon a plea of guilty ... adjudging a person guilty of a crime punishable by ... imprisonment in excess of one year, to prove any fact essential to sustain the judgment.

In light of Rule 803(22), the Court finds that Boles has admitted all of the elements of a § 922(g) violation. The Statement of Facts was expressly incorporated into Boles' Plea Agreement. Boles agreed that these facts are accurate and that the Government would have been able to prove them beyond a reasonable doubt. (Plea Agreement ¶ 10.)

The Court rejects Claimants' evidentiary arguments and finds that they have not offered binding authorities to refute the Government's position. Moreover, the Court finds that Boles' guilty plea and the statements made therein apply to the other Claimants, Connie Christopher and Chris Dickenson.

---

3. *See e.g., United States v. $31,697.59 Cash,* 665 F.2d 903, 905–06 (9th Cir.1982); *United States v. United States Currency in the Amount of One Hundred Forty–Five Thousand, One Hundred Thirty–Nine Dollars ($145,139),* 803 F.Supp. 592, 597–98 (E.D.N.Y.1992); *United States v. One Parcel Property Located At 200 Pennsylvania Avenue, Claymont, Delaware, With All Appurtences and Improvements Thereon,* 786 F.Supp. 400 404–05 (D.Del.1992); *United States of America v. Parcel of Land and Buildings Located Thereon at 40 Moon Hill Road Northbridge, Massachusetts,* 721 F.Supp. 1, 3 (D.Mass.1988).

Even if the plea and statements did not apply, Claimants have admitted all of the elements of a § 922(g) violation in their pleadings. They have admitted that (a) Boles was convicted of a state crime punishable by imprisonment for a term exceeding one year—his state crime carried a maximum sentence of five years of imprisonment.[4] (Claimants' Opp. at 11–12; Statement of Facts ¶ 1.) They also have admitted (b) that Boles was in possession of the firearms and ammunition after his state conviction. (Claimants' Response to Request for Admissions ¶ 9.) And they have admitted (c) that the firearms and ammunition were transported in and affecting commerce prior to his possession.[5] (Answer ¶ 11; Claimants' Response to Request for Admissions ¶ 12.) As such, the Court finds that there are no disputed facts with respect to the Government's proof of Boles' violation of § 922(g) regarding any of the Claimants.

### 2) Defendants' Involvement in § 922(g) Violation

The Court now turns to whether the Defendants in this proceeding are the same as those involved in Boles' violation of § 922(g). The Court finds that Claimants have admitted this element of the forfeiture statute as well. (Answer ¶ 10; Claimants' Response to Request for Admissions ¶ 9.) Moreover, Claimants Christopher and Dickinson may not assert an "innocent owner" defense with respect to the firearms and ammunition that they claim as their own. The innocent owner defense is unavailable under § 924(d)'s forfeiture proceedings. *See Bennis v. Michigan*, 516 U.S. 442, 451–53, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996).

4. Boles' actual sentence is immaterial in this regard. The statute makes no reference to the actual punishment, only the potential punishment.

5. Notwithstanding Claimant's protestations to the contrary, the Court finds that this last admission is sufficient to satisfy the required

### IV. *Conclusion*

In sum, the Court finds that the record contains no disputed facts with respect to any of the factors required for forfeiture, even when viewed in a light most favorable to the Defendants and Claimants. Summary judgment is warranted in this case. For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is GRANTED. An appropriate Order will issue.

### *ORDER*

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED that:

1) the Government's Motion for Summary Judgment is GRANTED; and

2) the Clerk shall forward copies of this ORDER and the accompanying Memorandum Opinion to all counsel of record.

jurisdictional nexus. The caselaw does not require the firearms and ammunition to have moved in interstate commerce *after* coming into Boles' possession. The fact that the firearms and ammunition moved in interstate commerce in reaching Boles is sufficient in this regard.