OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Gregory Hall appeals his judgment of conviction following a conditional guilty plea in which he reserved the right to appeal the District Court’s denial of his motion to suppress physical evidence. We will affirm.
I.
Because we write for the parties, we recount only the essential facts. On October 3, 2007, a confidential informant told Detective Nadzom of the York City Police that Hall was seen parking a red Chevy van behind the federal housing unit rented by Hall’s girlfriend, Ashley Smith. Hall’s location was of interest to police because he had outstanding warrants in York County for probation violations and for selling cocaine base (crack). Because of the outstanding warrants, Detective Nad-zom and other officers proceeded to Smith’s residence, arriving approximately thirty minutes after Hall had arrived there.
When the officers arrived at Smith’s apartment, they found Hall and searched him incident to his arrest on the outstanding warrants. During the search, police found in Hall’s pockets five ecstasy pills, the keys to the Chevy van, and $401 in cash. Hall was taken into custody and Detective Nadzom drove the Chevy van to the impound lot, where he conducted a routine inventory search that did not turn up additional evidence.
Before police seized the van, Smith informed them that Hall had bought the van one month earlier for between $1,500 and $2,000 in cash and registered it in Smith’s name. This was significant because Detective Nadzom — who knew Hall since at least 2006 when he made three controlled purchases of illicit drugs from Hall — was *727 aware that Hall was unemployed. Later, while Hall was in custody at the police station, he told officers he was unemployed and that the ecstasy pills were for personal use.
Sixteen days after Hall was taken into custody, a reliable confidential informant told police the Chevy van contained cocaine. Based on this tip, police deployed a canine to sniff the van and the dog indicated there were drugs near the driver’s side door. The officers then obtained a warrant to search the van and found 101 grams of crack cocaine and a digital scale hidden in a compartment in the driver’s side door.
Hall was charged with possession with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He initially entered a not guilty plea and filed a motion to suppress the evidence seized from his vehicle. The District Court held a suppression hearing and denied the motion. Hall subsequently entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress. The District Court sentenced Hall to 120 months incarceration. Hall timely appealed.[1]
II.
We review the District Court’s factual determinations for clear error and exercise plenary review over the application of the law to those factual determinations. United States v. Price, 558 F.3d 270, 276 (3d Cir.2009).
Hall claims the warrantless seizure of the van was unconstitutional because the officers did not have probable cause to believe the vehicle was used, or was intended to be used, to facilitate the transportation of drugs. If so, Hall insists that the evidence derived from the subsequent search of the van would be inadmissible “fruit of the poisonous tree.”
A warrantless seizure is legal if it is authorized by statute and complies with the Fourth Amendment. United States v. Salmon, 944 F.2d 1106, 1119 (3d Cir.1991). Here, the Chevy van was seized pursuant to the Pennsylvania forfeiture statute, 42 Pa.C.S. § 6801(a)(4), which authorizes police to seize vehicles “which are used or are intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of’ various controlled substances. The statute further allows warrantless seizures when “there is probable cause to believe that the property has been used or is intended to be used in violation of the Controlled Substance, Drug, Device and Cosmetic Act.” Id. at § 6801(b)(4). Because both the forfeiture statute and the Fourth Amendment allow warrantless seizures with probable cause, the two steps of the Salmon analysis overlap; if the statute was satisfied, then the seizure was valid. See United States v. One 1977 Lincoln Mark V Coupe, 643 F.2d 154, 158 (3d Cir.1981) (finding the Fourth Amendment satisfied because there was probable cause to satisfy the similar federal forfeiture statute).
To establish probable cause to seize Hall’s van, police needed only “a reasonable ground for belief of guilt[J” based on the totality of the circumstances. Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (internal quotation marks omitted); Illinois v. Gates, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (a “probability, and not a prima facie showing, of criminal activity”) (internal citation omitted). Under the Pennsylvania forfeiture statute, that *728 means the officers needed a reasonable ground to believe that the use or intended use of the automobile made it less difficult for Hall to transport, sell or possess drugs. One 1977 Lincoln Mark V Coupe, 643 F.2d at 157 (under the analogous federal statute); Salmon, 944 F.2d at 1119 (applying it to the Pennsylvania statute). The Government has the burden of “establish[ing] some connection between the alleged criminal activity and the defendant property the Government seeks to forfeit.” United States v. RR # 1, Box 224, 14 F.3d 864, 869 (3d Cir.1994). Significantly, the Government does not need to link the vehicle to a specific, identifiable drug transaction. United States v. $10,700.00, 258 F.3d 215, 225 (3d Cir.2001).
On the facts of this case, Detective Nad-zom had reasonable grounds based on the totality of the circumstances to believe Hall recently used, or was about to use, the Chevy van to transport or facilitate the sale or transportation of drugs. Specifically, Nadzom had a reasonable basis to believe Hall recently used or was about to use the van to transport the ecstasy found on his person. Nadzom found the ecstasy and van keys in Hall’s pocket, merely half an hour after Hall parked the van. Although Hall claimed the ecstasy was for personal use, he did so only after the van was seized, so that statement cannot be used to undermine the decision to seize the van.
Detective Nadzom also had a reasonable basis to believe Hall was using the van to possess, transport, or sell drugs, either in conjunction with the ecstasy or independent of it. First, Nadzom knew Hall had a history of drug trafficking based not only on Hall’s outstanding warrant, but also from three controlled buys in 2006 during which Hall sold cocaine to Nadzom. Second, the cash found on Hall’s person at the time of his arrest gave Nadzom a reasonable basis to conclude that Hall was currently dealing drugs. Nadzom knew Hall was unemployed in 2006 and that Hall was a fugitive in 2007. Yet, he found $401 in cash on Hall’s person and learned that Hall paid between $1,500 and $2,000 cash for the van just one month earlier. Third, Nadzom had a reasonable basis to believe Hall was using the van to sell drugs because he knew Hall bought the van with cash, registered it in someone else’s name, and was driving it without a license. When Nadzom testified that, based on his training and fourteen years of experience, Hall’s machinations were consistent with those of a drug dealer, it was well within the District Court’s discretion to find this testimony credible.
Hall claims the District Court committed clear error when it found that “defendant had just arrived at the apartment in the vehicle.” Hall’s focus on the word “just” is unpersuasive, however, because the District Court plainly noted that thirty minutes had elapsed, so the Court expressed the correct time frame and did not err when it used the relative word “just” to characterize it.
Likewise, the fact that it was possible that Hall picked up the ecstasy at the apartment and had no plans to use the van to transport the drugs is unavailing. Probable cause does not require police to eliminate all possible doubt as to the use of the van. Rather, the police only needed information creating a fair probability that the van was involved in transporting drugs to satisfy the statute and the Fourth Amendment. Because this was a fair inference to draw on these facts, the District Court did not err in denying Hall’s motion to suppress.
For the foregoing reasons, we will affirm the judgment of the District Court.

. We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.