**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**ALL RIGHT, TITLE & INTEREST IN REAL PROPERTY & BUILDING KNOWN AS 303 WEST 116TH STREET, NEW YORK, NEW YORK, Defendant,**

**Appeal of James KIMBROUGH, Claimant.**

**No. 789, Docket 89–6168.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 7, 1990.

Decided April 17, 1990.

James Kimbrough, Rome, N.Y., pro se.

Timothy MacFall, Sp. Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Marla Alhadeff, Asst. U.S. Atty., S.D.N.Y., of counsel), for plaintiff-appellee.

Before TIMBERS, NEWMAN and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

The central question presented on this appeal is whether a civil forfeiture, pursuant to 21 U.S.C. § 881(a)(7) (1988), may be based on illicit narcotics activity which results in a state conviction. Claimant-appellant James Kimbrough appeals from a judgment, entered in the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*), forfeiting all right, title and interest in real property and buildings known as 303 West 116th Street, New York City (the "defendant property"). Kimbrough asserts that his state conviction for criminal sale of a controlled substance in the third degree, New York Penal Law § 220.39 (McKinney 1989), is not an appropriate basis for civil forfeiture under section 881(a)(7). Kimbrough also asserts that his brother's subsequent illicit narcotics activity at the defendant property does not warrant forfeiture since he neither knew of, nor consented to, that activity. The district court granted the government's motion for summary judgment, holding that Kimbrough's state conviction alone was sufficient to support forfeiture of the defendant property.

On appeal, Kimbrough contends that the district court erred in granting summary judgment in this civil forfeiture action. For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

In April 1987, an undercover New York City Police officer entered the premises at 303 West 116th Street, New York City. That property, which was owned by Kimbrough Brothers Realty, Inc. ("KB Realty"), consists of a five-story building with a street-level storefront and several residential apartments. Once inside the building storefront, the undercover officer asked to purchase crack cocaine from one Oliver Davis. According to the officer, James Kimbrough, the President of KB Realty, proceeded to the rear of the store and returned with several vials of crack.

Kimbrough gave the vials to Davis, who then sold them to the officer for $20. When Davis and Kimbrough were arrested a short time later, Kimbrough was found in possession of the "buy money" used by the officer to purchase the crack.

Kimbrough and Davis were indicted for criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39 (McKinney 1989). Following a bench trial before the Honorable Rose Rubin, Supreme Court of the State of New York, Kimbrough and Davis were convicted on December 1, 1987. *People v. Davis and Kimbrough*, Ind. No. SN 3597–87. Kimbrough was sentenced to a term of four and one-half to nine years imprisonment and is currently serving his sentence.

During March and April 1988, the New York City Police and the federal Drug Enforcement Agency ("DEA") maintained surveillance of the premises at 303 West 116th Street. They observed a regular stream of people being admitted to the building's storefront, apparently by a guard. The brief duration of these visits and the fact that none of the individuals departed carrying parcels was inconsistent with the storefront's supposed operation as the "K & B Soulfood Kitchen." During the period of surveillance, several persons were arrested in the vicinity of the defendant property for possession of crack. One such individual agreed to cooperate with the police and described the sale of crack within the defendant property. In addition, a confidential informant purchased crack at the defendant property and confirmed the presence of an armed guard and the operation of a narcotics business in the storefront.

On the basis of the two informants' statements and the observations of law enforcement agents, Magistrate Naomi Reice Buchwald issued a warrant to search the premises. The Magistrate also issued a seizure warrant permitting the United States Marshals to seize and take possession of the defendant property. *See* Fed.R. Crim.P. 41. These warrants were simultaneously executed on April 13, 1988. In the search, law enforcement agents discovered

approximately 55.8 grams of crack, drug paraphernalia, money, and two loaded handguns. James Kimbrough's brother, Willie Kimbrough, was arrested on the premises and was subsequently indicted. Willie Kimbrough was convicted of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A), and was sentenced to 20 years imprisonment. *United States v. Willie D. Kimbrough*, 88 Cr. 252 (JES).

The government initiated this *in rem* civil action on April 14, 1988, alleging that the defendant property was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) (1988). James Kimbrough filed the only claim to the property in opposition to the forfeiture action. The government moved, pursuant to Fed.R.Civ.P. 56(c), for summary judgment based on James Kimbrough's 1987 state narcotics conviction and Willie Kimbrough's subsequent narcotics activity at the defendant property. In opposition to the government's motion, James Kimbrough asserted that, because he was appealing his state conviction, it could not be relied upon as the basis for forfeiture. Kimbrough also argued that he was unaware of his brother's illicit activity at the defendant property and that neither he, nor KB Realty, had consented to such activity. According to Kimbrough, the question of whether Willie Kimbrough conducted this activity with the knowledge or consent of James Kimbrough or KB Realty raised genuine issues of material fact which rendered summary judgment inappropriate.

The district court found that James Kimbrough's 1987 state narcotics conviction, taken alone, established probable cause supporting forfeiture. The court found it unnecessary to reach the issues of knowledge or consent to Willie Kimbrough's narcotics activity at the defendant property since it considered James Kimbrough's state conviction sufficient to support the forfeiture. Accordingly, the district court granted the government's motion for summary judgment. This appeal followed.

## DISCUSSION

Summary judgment is appropriate if, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broadcasting Co., Inc.*, 844 F.2d 988, 992 (2d Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988). If there exists "no genuine issue as to any material fact," the moving party is entitled to "judgment as a matter of law." Fed.R.Civ.P. 56(c). Whether a claimant opposing forfeiture "has succeeded in raising such an issue must be determined in the context of the peculiar procedural requirements of the forfeiture laws." *United States v. One Parcel of Property Located at 15 Black Ledge Drive, Marlborough, Connecticut, with All Appurtenances and Attachments Thereon*, 897 F.2d 97, 101 (2d Cir. 1990) (citation omitted). The district court held that, based on claimant-appellant Kimbrough's state conviction for selling narcotics at the defendant property, summary judgment forfeiting that property was appropriate. We agree.

Pursuant to 21 U.S.C. § 881(a)(7), the government may seize and forfeit:

> [a]ll real property, including any right, title and interest ... in the whole of any lot or tract of land ..., which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

Civil forfeiture proceedings under 21 U.S.C. § 881 are governed by the "law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws." 21 U.S.C. § 881(d) (1988). *See United States v. $2,500 in United States Currency*, 689 F.2d 10, 12 (2d Cir.1982), *cert. denied sub nom. Aponte v. United States*, 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984). Under that law, "the burden of proof shall be upon the [claimant] ... *[p]rovided,* [t]hat probable cause shall be first shown for the institution of such suit or action, to

be judged of by the court." 19 U.S.C. § 1615 (1988) (emphasis in original).

Thus, to meet its burden in a civil forfeiture action under section 881(a)(7),

the Government need only demonstrate probable cause for a forfeiture. To satisfy the probable cause requirement, the Government must have reasonable grounds to believe that certain property is subject to forfeiture. These grounds must rise above the level of mere suspicion but need not amount to what has been termed "prima facie proof."

*United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986) (citations omitted). The government's evidence supporting forfeiture "need not meet the standard of proof known as preponderance of the evidence." *Id.* at 1160 n. 7. Rather, it must establish "reasonable grounds, rising above the level of mere suspicion, to believe that certain property is subject to forfeiture." *One Parcel of Property Located at 15 Black Ledge Drive,* 897 F.2d at 101.

Once probable cause for forfeiture is established, the burden shifts to the claimant opposing forfeiture. It is the claimant that bears "the ultimate burden of proving that the factual predicates for forfeiture have not been met." *Banco Cafetero Panama,* 797 F.2d at 1160. To accomplish this, the claimant may show either 1) that the property was not used for an unlawful purpose, or 2) that such use was without the claimant's knowledge or consent. *United States v. The Premises and Real Property at 4492 South Livonia Road, Livonia, New York,* 889 F.2d 1258, 1267 (2d Cir. 1989). This latter defense is created as a statutory exception to forfeiture under section 881(a)(7). That exception provides that:

no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7). *Compare* 21 U.S.C. §§ 881(a)(4)(C) & 881(a)(6) (containing similar statutory exceptions). *But cf. United States v. One Tintoretto Painting Entitled "The Holy Family with Saint Catherine and Honored Donor",* 691 F.2d 603, 607 (2d Cir.1982) (forfeiture raises due process concerns where owner "proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property;" *citing Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689–90, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974)). If the claimant cannot raise either defense, "summary judgment may be granted for the government solely upon the basis of its showing of probable cause." *Premises and Real Property at 4492 South Livonia Road,* 889 F.2d at 1267.

■ In the present case, claimant-appellant James Kimbrough does not challenge the government's showing that the defendant property was used for an unlawful purpose. Indeed, any such challenge would have been unavailing considering the overwhelming evidence that the property was, in fact, used in illicit narcotics transactions. This evidence includes: the certified trial transcript and record of conviction of James Kimbrough's state conviction for selling narcotics at the defendant property; information from two individuals who actually purchased narcotics at the defendant property; police observations in March and April 1988 of narcotics activity there; and, the crack, drug paraphernalia, money, and loaded weapons seized during the April 13, 1988 search of the property.

However, Kimbrough asserts the "innocent owner" exception created in section 881(a)(7). Specifically, he claims that forfeiture of the defendant property is unwarranted because Willie Kimbrough's narcotics activity was undertaken without his, or KB Realty's, knowledge or consent. Unfortunately for Kimbrough, even if he established his "innocent owner" status as to his brother's narcotics activity, forfeiture of the defendant property would nonetheless be warranted. While James Kimbrough may disclaim knowledge of the illicit activity of his brother, he cannot disclaim

his own involvement in narcotics sales at the defendant property. His 1987 state conviction for selling narcotics there is more than adequate to establish probable cause to connect the property to illicit narcotics transactions. And, of course, it would be absurd to suggest that the conduct resulting in Kimbrough's conviction occurred without his knowledge or consent.

■ Kimbrough contends that his state conviction does not support forfeiture because he has filed a notice of appeal from that conviction. Generally, the pendency of an appeal from a conviction does not deprive a judgment of its preclusive effect. *See Rodriguez v. Beame*, 423 F.Supp. 906, 908 (S.D.N.Y.1976); *see also United States v. Nysco Laboratories, Inc.*, 215 F.Supp. 87, 89 (E.D.N.Y.), *aff'd*, 318 F.2d 817 (2d Cir.1963). However, aside from the possible preclusive effect of the state conviction, the conduct underlying the conviction establishes probable cause supporting the forfeiture. Kimbrough does not deny his involvement in narcotics activity at the defendant property. The certified trial transcript of the state criminal proceeding provides "reasonable grounds, rising above the level of mere suspicion, to believe that" the defendant property was used for an unlawful purpose. *See One Parcel of Property Located at 15 Black Ledge Drive*, 897 F.2d at 101. Thus, even if Kimbrough's state conviction were overturned, civil forfeiture of the defendant property would still be warranted. *See United States v. Dunn*, 802 F.2d 646, 647 (2d Cir. 1986), *cert. denied*, 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987) (acquittal in criminal forfeiture proceeding does not bar later civil forfeiture proceeding); *United States v. $152,160.00 United States Currency*, 680 F.Supp. 354, 356 (D.Colo.1988) ("a criminal conviction is not prerequisite to a civil forfeiture proceeding"); *United States v. One 1977 Lincoln Mark V, Serial No. 7Y89A832686*, 453 F.Supp. 1388, 1391 (S.D.N.Y.1978) (claimant's acquittal at trial does not preclude civil forfeiture proceeding).

■ Nor does it matter that the evidence supporting probable cause for this forfeiture was adduced at a state, rather than a federal, criminal proceeding. We have determined, in prior decisions, that activity resulting in a state narcotics conviction may justify a federal civil forfeiture. In *Premises and Real Property at 4492 South Livonia Road*, 889 F.2d at 1268, we stated that it was permissible for the district court to rely on a claimant's statements in a state court plea proceeding to establish probable cause for forfeiture under section 881(a)(7). In that case, there was no underlying federal criminal proceeding involving the claimant. Similarly, in *United States v. United States Currency in the Amount of $228,536.00*, 895 F.2d 908 (2d Cir.1990), we affirmed a forfeiture, pursuant to 21 U.S.C. § 881(a)(6) (1988), of cash proceeds from narcotics transactions which had been the basis of a state, not a federal, conviction. The issue on appeal in that case was whether the forfeiture, which followed a guilty plea in New York State court to criminal possession of a controlled substance in the first degree, N.Y. Penal Law § 220.21 (McKinney 1989), violated the claimant's due process rights under the Fifth Amendment. What was presupposed in both these cases is expressly recognized by this Court today: civil forfeiture under 21 U.S.C. § 881 need not be predicated on a federal criminal proceeding.

This conclusion is not inconsistent with the language of section 881(a)(7) that property used to commit "a violation of this subchapter punishable by more than one year's imprisonment" is subject to forfeiture. 21 U.S.C. § 881(a)(7). *See* 21 U.S.C. § 841(a) ("[I]t shall be unlawful for any person knowingly or intentionally ... [to] possess with intent to manufacture, distribute, or dispense, a controlled substance;"). *Compare* N.Y.Penal Law § 220.39(1) (McKinney 1989) ("A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells ... a narcotic drug; ... Criminal sale of a controlled substance in the third degree is a class B felony."). The language of section 881(a)(7) does not require a conviction under the federal narcotics laws as a basis for forfeiture. Rather, any property used to facilitate conduct

which would violate chapter 13, subchapter I of Title 21, regardless of whether that conduct results in a federal conviction, is subject to civil forfeiture. "[T]he term 'violation' does not imply a criminal conviction. It refers only to a failure to adhere to legal requirements." *Sedima, S.P.R.L. v. Imrex Co., Inc., et al.,* 473 U.S. 479, 489, 105 S.Ct. 3275, 3281, 87 L.Ed.2d 346 (1985) (citation omitted). Had Congress intended that civil forfeitures under section 881(a)(7) be limited solely to cases involving a federal conviction, it would have said so. *See id.* at 489 n. 7, 105 S.Ct. at 3281 n. 7.

## CONCLUSION

We have examined each of Kimbrough's remaining arguments and find them to be without merit. In light of the foregoing, we affirm the judgment of the district court.