UNITED STATES of America, Plaintiff,

v.

The PREMISES AND REAL PROPERTY AT 250 KREAG ROAD, Defendant.

No. Civ. 88–1180L.

United States District Court, W.D. New York.

May 22, 1990.

---

Christopher V. Taffe, Asst. U.S. Atty., Rochester, N.Y., for plaintiff.

Robert C. Saurini, Fairport, N.Y., pro se.

## DECISION AND ORDER

LARIMER, District Judge.

This is a civil forfeiture action brought against the defendant premises under 21 U.S.C. § 881(a)(7). Claimant Robert C. Saurini, the record owner of the premises, has filed a claim asserting his interest in the property. Before me is the Government's motion for summary judgment, which, for the reasons stated below, is granted.

## FACTS

On August 31, 1988, agents of the Monroe County Sheriff's Office seized approximately 17 stalks of marijuana from Saurini's backyard. The agents acted at the direction of Deputy Sheriff Bruce Weidrick, who had heard from an informant that Saurini was growing marijuana on his property. After receiving the tip, Weidrick ordered deputies Glen Main and John Dorsey to conduct a "plain view" search of the claimant's premises, which led to their sei-

zure of the plants. No search warrant was obtained.

Magistrate Kenneth R. Fisher issued a Seizure Warrant/Writ of Entry on November 18, 1988, allowing the Marshal to seize the property on December 1. The premises have been in the Marshal's custody since that time.

Meanwhile, on the basis of the August 1988 seizure of the marijuana from his property, Saurini was convicted in Monroe County Supreme Court of Criminal Possession of Marijuana in the First Degree on November 29, 1989. The violation carries a maximum term of imprisonment exceeding one year.

This is not the first time that Saurini has been involved in the growing of marijuana at his home. According to the affidavit of Deputy Bruce Weidrick, sworn to November 18, 1988, Robert Saurini was arrested and charged in 1981 for growing cannabis without a license at this same address. He subsequently pleaded guilty in Perinton Town Court to the unlawful possession of marijuana on November 17, 1981. He was fined $100.

The Government seeks summary judgment, asserting that it has demonstrated probable cause to believe that the property in question was used to manufacture marijuana, in violation of 21 U.S.C. § 841(a). In opposition to the motion, claimant Saurini contends that: 1) the evidence relied upon by the government was obtained by an illegal search, conducted without a warrant or probable cause; 2) in any event, any marijuana growing upon his property was not "manufactured" by him within the meaning of the statute, intended as it was for his personal use; and 3) forfeiture of the entire tract of land amounts to a disproportional penalty in violation of the Eighth Amendment.

## DISCUSSION

■ When the Government moves for summary judgment in a forfeiture proceeding under § 881(a)(7), the court must determine whether it has met its burden of showing the absence of a genuine issue of fact "in the context of the 'peculiar proce-dural requirements of the forfeiture laws.'" *United States v. One Parcel of Property Located at 15 Black Ledge Dr., Marlborough, Connecticut,* 897 F.2d 97, 101 (2d Cir.1990), quoting *United States v. One 56–Foot Motor Yacht Named Tahuna,* 702 F.2d 1276, 1283 (9th Cir.1983).

In a civil forfeiture proceeding, the Government bears the burden of demonstrating probable cause to believe that the property was used in violation of the statute, in this case, § 841(a). *See United States v. Property at 4492 S. Livonia Rd., Livonia, N.Y.,* 889 F.2d 1258, 1267 (2d Cir. 1989). The standard of proof at trial is less than the preponderance of the evidence test required in civil proceedings. *United States v. All Right, Title and Interest in Real Property and Building Known As 303 West 116th Street, New York, New York,* 901 F.2d 288, 290–291 (2d Cir.1990), citing *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986). In other words, "the Government must have reasonable grounds, rising above the level of mere suspicion, to believe that certain property is subject to forfeiture." *15 Black Ledge Drive,* 897 F.2d at 101. Once probable cause is shown, the burden shifts to the claimant to "prove either that the property was not used unlawfully ... or that the illegal use was without the claimant's knowledge or consent." *See 4492 S. Livonia Rd.,* 889 F.2d at 1267 (citation omitted). If the claimant fails to introduce proof creating a genuine issue of material fact regarding these statutory defenses, summary judgment is appropriate.

### A. Probable Cause

Saurini challenges this motion on the ground that the Government has not shown probable cause to believe that the property was used in violation of the statute. Claimant contends that the property was searched and the marijuana seized in violation of the Fourth Amendment, without a warrant and on the basis of hearsay informant testimony, and therefore evidence derived from the search should not be considered.

Without deciding whether the seizure of the marijuana violated claimant's Fourth Amendment rights, I find sufficient facts in the record, independent of the evidence revealed by the search, to create probable cause to believe the property was unlawfully used.

■ Saurini was convicted in New York state court of Criminal Possession in the First Degree, on the basis of his having cultivated approximately 12 pounds of marijuana on his property. He therefore is collaterally estopped in this action from denying that he made such use of the premises. *See United States v. Parcel of Land & Buildings Located Thereon at 40 Moon Hill Rd., Northbridge, MA,* 721 F.Supp. 1 (D.Mass.1988), *aff'd* 884 F.2d 41 (1st Cir.1989). The prior conviction has independent legal effect, so that regardless of whether probable cause existed when the premises initially were seized by the Marshal, for the purposes of this motion, the fact of conviction supports a finding of probable cause to suspect that the property was unlawfully used. *See United States v. "Monkey",* 725 F.2d 1007, 1010, 1012 (5th Cir.1984). In fact, the Second Circuit very recently has ruled that a state criminal conviction, by itself, will suffice to demonstrate the requisite probable cause for forfeiture. *See 303 West 116th St.,* 901 F.2d at 291.

■ To the extent that Saurini argues that the state conviction was unlawfully obtained by virtue of the illegally seized evidence, he may not collaterally attack his conviction on this basis. *See United States v. Property Known as 303 West 116th Street, New York, New York,* 710 F.Supp. 502, 505 (S.D.N.Y.1989) (by virtue of state conviction stemming from illegal use of real property, claimant in forfeiture proceeding is stopped from asserting his innocence, lack of knowledge or efforts to prevent sale of narcotics), *aff'd,* 901 F.2d 288 (2d Cir.1990); *United States v. One Parcel of Real Property With the Building, Ap-*

*purtenances, and Improvements Known As 141 Bell Rock Street, Everett, Mass.,* 1989 W.L. 48119 (D.Mass.) (forfeiture claimant is estopped from attacking basis of guilty plea in attempt at challenging government's showing of probable cause).

Nothing in the record indicates that claimant did not have a full and fair opportunity at the state proceeding to contest the constitutionality of the search. To the extent he was able, but failed, either at trial or on direct appeal,[1] to contest the validity of the search, claimant may not do so in this forfeiture proceeding. *See United States v. All That Tract Or Parcel Of Land, Lying And Being Described As Map 2535, Census Tract 075.00, Anhoury Terrace Addition, Lot 10, No Block Grid,* 726 F.Supp. 274, 277 (D.Or.1989), *citing United States v. $31,697.59 Cash,* 665 F.2d 903, 906 (9th Cir.1982).

■ A finding of probable cause is also warranted based on several admissions of Saurini in the record that the property at 250 Kreag Road was used to grow marijuana. Federal Rule of Civil Procedure 56(c) allows the court, in ruling on a motion for summary judgment, to consider all "admissions on file," including those that arise at any time during the proceeding. *See "Monkey",* 725 F.2d at 1010. Claimant's response to the Government's motion is replete with references to his having cultivated the drug for his personal use. Furthermore, Deputy Weidrick's affidavit, sworn to on November 18, 1988, states without contradiction by Saurini that on August 31, 1988, shortly after Deputies Main and Dorsey seized the marijuana from the property, Saurini telephoned 911 decrying the illegal seizure of his property and demanding its return.

■ Further supporting a finding of probable cause is the statement by Weidrick that he learned from an informant that marijuana had been observed growing on Saurini's property. Hearsay, although generally excluded from consideration of

---

1. Saurini has indicated that he is currently pursuing a collateral attack on his conviction in state court. The Second Circuit has ruled that the pendency of an appeal from a state conviction does not deprive that judgment of his preclusive effect for estoppel purposes in a forfeiture proceeding. *See 303 West 116th Street,* 901 F.2d at 292.

summary judgment by Rule 56(e), may be used to establish probable cause in the context of forfeiture proceedings. *See 15 Black Ledge Drive*, 897 F.2d at 101.

For these reasons, I find that probable cause exists to believe that the premises were used to grow marijuana in violation of 21 U.S.C. § 881(a).

## B. Unlawful Use

■ Claimant argues that he did not "manufacture" marijuana on the premises within the meaning of the statute, for he grew the plants solely for his own medicinal use, rather than with the intent to distribute it for commercial gain. He cites legislative history purporting to evince Congress' intent, in passing the forfeiture statute, solely to combat commercial drug trafficking. On the basis of this material, Saurini argues that the forfeiture statute is inapplicable to his use of the property.

It is by now well established that the proscription of the "manufacture" of controlled substances contained in § 841 criminalizes the growing of marijuana. *See United States v. Miller*, 870 F.2d 1067, 1071 (6th Cir.1989); *United States v. Klein*, 850 F.2d 404, 405 (8th Cir.1988), *cert. denied*, 488 U.S. 867, 109 S.Ct. 173, 102 L.Ed.2d 143 (1989). It has also been held that in order to prove a "manufacturing" violation of § 841, the Government need not show that the drug was grown with the intent to commercially distribute it; proof of cultivation for personal use will suffice. *See Miller*, 870 F.2d at 1071, citing *United States v. Roberts*, 747 F.2d 537, 547 (9th Cir.1984); *Klein*, 850 F.2d at 405.

Congress clearly distinguishes between mere possession of marijuana for personal use and its actual manufacture, or cultivation, for that purpose. Title 21 U.S.C. § 844 makes simple possession for personal consumption a misdemeanor, while § 841 classifies manufacture, for whatever purpose, as a felony. I therefore find it to have been Congress' intent in enacting § 881(a)(7) that the use to which Saurini put his property would subject it to forfeiture under that provision. *Cf. United States v. Anderson*, 637 F.Supp. 632, 634–

35 (N.D.Cal.1986) (applying criminal forfeiture provision of 21 U.S.C. § 853(a) to cultivation of marijuana for personal use).

For these reasons, I find that Saurini has not shown the existence of any issue of material fact regarding his unlawful use of the property.

## C. Proportionality

■ In assessing whether the Eighth Amendment applies to a statute, courts routinely employ a two step analysis. The court must look first to the Congressional purpose, and if that purpose is found to have been civil in nature, it next must be decided whether the purpose or effect of the statute is so punitive so as to "negate a civil objective." *United States v. One 107.9 Acre Parcel of Land Located in Warren Twp., Bradford Co., PA*, 898 F.2d 396 (3d Cir.1990). Under this analysis, it has uniformly been held that the forfeiture statute does not violate the Eighth Amendment because the enactment is civil in nature. *See, e.g., One 107.9 Acre Parcel of Land*, 898 F.2d at 400–01; *United States v. Santoro*, 866 F.2d 1538 (4th Cir.1989).

Independent of an Eighth Amendment analysis, courts consistently have found that the statute contemplates no proportionality standard; that is, the slightest infraction punishable by more than a year's imprisonment, even if committed on a limited portion of the realty, will justify forfeiture of the entire tract. *See, e.g., One 107.9 Acre Parcel of Land*, 898 F.2d at 400; *United States v. Reynolds*, 856 F.2d 675 (4th Cir.1988).

> Section 881(a)(7) subjects to forfeiture: All real property, including any right, title, and interest … in *the whole* of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, *in any manner or part*, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. (emphasis added)

Given the breadth of this language, it comes as no surprise that courts uniformly

have declined to apply a proportionality standard to the statute.

I therefore find that, although the claimant apparently grew marijuana on only a portion of his property, § 881(a)(7) allows for forfeiture of the entire tract.

## CONCLUSION

Because the Government has met its burden of showing probable cause that the premises named herein was used to facilitate the commission of a violation of § 841, and because Saurini has failed to show any facts indicating that the use of the property was not unlawful or was made without his consent or knowledge, I hereby grant the Government's motion for summary judgment and direct that a judgment of forfeiture be submitted to the court for entry.

IT IS SO ORDERED.