UNITED STATES of America, Plaintiff,

v.

1990 PONTIAC GRAND PRIX, VIN 1G2WJ14T5LF239678, With All Appurtenances And Attachments Thereon, Defendant.

No. 2:91–CV–171.

United States District Court, D. Vermont.

April 22, 1992.

**443**

OPINION AND ORDER

PARKER, Chief Judge.

Plaintiff, the United States, moves for summary judgment in its favor in this case, arguing it has met its burden of showing that there is probable cause to believe that the defendant 1990 Pontiac Grand Prix ("the Vehicle") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4). Claimant Robert Mongeon, registered owner of the vehicle, responds that summary judgment should not be granted in the Government's favor, since there is a factual dispute over whether the vehicle was used in connection with any drug transactions.

 Summary judgment is to be rendered in favor of the moving party if there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). In a matter where the burden of proof shifts to the defendant after the plaintiff has established its prima facie case, summary judgment should be rendered in favor of the plaintiff where it is apparent that the defendant cannot satisfy its burden.

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Moreover, in attempting to satisfy its burden of persuasion, the defendant to whom the burden has shifted, may not rest upon mere allegations or denials, but the response must instead set forth specific facts showing that there is a genuine issue for trial. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

James J. Gelber, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

Mark A. Kaplan, Jarvis & Kaplan, Burlington, Vt., for defendant.

█ In order to prevail on a summary judgment motion in a case seeking property forfeiture, the Government has the initial burden of demonstrating that there is probable cause to believe the item is subject to forfeiture. 19 U.S.C. § 1615. Once such probable cause is established, the burden shifts to the claimant opposing the forfeiture. *Id.* At that juncture, the claimant bears "the ultimate burden of proving that the factual predicates for forfeiture have not been met." *United States v. 303 W. 116th St.*, 901 F.2d 288, 291 (2d Cir.1990) (citation omitted). If the claimant cannot show either that the property was not used for an unlawful purpose, or that such use was without the claimant's knowledge or consent, "summary judgment may be granted for the government solely upon the basis of its showing of probable cause." *Id.*

█ In responding to the Government's demonstration of probable cause, mere conclusory statements that there is a factual dispute or that forfeiture is inappropriate, without supporting claims, are insufficient to defeat the Government's motion for summary judgment. *See United States v. 228 Acres of Land & Dwelling Located on Whites Hill Road*, 916 F.2d 808, 814 (2d Cir.1990), *cert. denied,* ─── U.S. ───, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991) (Detail and specificity of [DEA agent's] affidavit establishing probable cause, viewed in the light of [claimant's] express declination to present evidence challenging the Government's evidence of probable cause, warranted grant of summary judgment in favor of Government); *United States v. Aiello*, 912 F.2d 4, 7 (2d Cir.1990), *cert. denied,* ─── U.S. ───, 111 S.Ct. 757, 112 L.Ed.2d 777 (1991) (Failure of claimant to submit affidavits presenting facts in support of claim, or to make averment that untainted proceeds were used to purchase any of the properties, and lawyer's affirma-

tion alleging only what certain witnesses had told him they would say totally lacked the detailed factual substance in support of claimant's defense of ignorance); *United States v. One 107.9 Acre Parcel of Land Located in Warren Twp., Bradford County, Pa.*, 898 F.2d 396, 399 (3d Cir.1990) (Claimant's "self-serving, uncorroborated assertion that she always pleaded with her husband to stop growing marijuana and threatened to leave him if he did not stop rang hollow when juxtaposed with her substantial and protracted involvement in the marijuana operation taking place on the property").

█ The Government in the instant case demonstrated to the satisfaction of Magistrate Judge Jerome J. Niedermeier that it had met its burden of establishing that there was probable cause to believe the vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) (Paper # 5).[1] Specifically, the Affidavit of Charles J. Cole (Paper # 2), a Colchester, Vermont police officer assigned to the Drug Enforcement Administration's Vermont Drug Task Force ("VDTF"), stated that a person cooperating with VDTF's agents informed the Task Force that Mongeon regularly used the vehicle to obtain the multi-ounce quantities of cocaine with which he was supplying that individual. Affidavit of Charles J. Cole (Paper # 2) at ¶¶ 3–5, attached to Verified Complaint of Forfeiture (Paper # 1) as Exhibit A. Furthermore, the Affidavit indicates that there is good reason to believe the information obtained from the CI was accurate and reliable. *Id.* ¶ 5. Also, the information supplied by the CI was further corroborated by a second individual cooperating with VDTF's agents. *Id.* ¶ 6. The information contained in Officer Cole's Affidavit is sufficient to satisfy the Government's burden of demonstrating that there is probable cause to believe the vehicle is subject to forfeiture.[2]

---

1. Indeed, defendant concedes that the Government has met its burden of establishing probable cause. Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Paper # 18) at 2.

2. In addition to the foregoing bases for its contention of probable cause, the Government suggests that the court may and should draw an adverse inference from Mongeon's assertion of his Fifth Amendment rights when questioned about the vehicle's use in connection with drug trafficking during his deposition of October 25,

Because the Government has met its burden of showing probable cause, the burden has shifted to claimant Mongeon to demonstrate that forfeiture would be inappropriate. Rather than asserting any affirmative defenses, Mongeon contests the Government's conclusion that his vehicle was used in conducting any drug transactions. In support of the argument, Mongeon relies upon his deposition. However, a thorough examination of that record does not reveal any factual basis for a conclusion that the vehicle was not used in connection with illegal activities. *See supra* note 2. Mongeon also contends that the Government's proof will be hampered by its inadmissibility as hearsay. Yet in the forfeiture context, it is the rule of the Second Circuit that findings of probable cause may be grounded on reliable hearsay. *United States v. 228 Acres of Land & Dwelling Located on Whites Hill Road, Chester, Vt.*, 916 F.2d 808, 814 (2d Cir. 1990) (citation omitted).

Beyond summarily asserting that his vehicle was never used for illegal purposes, then, Mongeon does not make any further factual allegations. Consequently, the Government has satisfied its burden of establishing that there is probable cause to believe the vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), and Mongeon has failed to meet his burden in order to defeat the Government's Motion for Summary Judgment.

### CONCLUSION

The Government's Motion for Summary Judgment (Paper # 13) is hereby GRANTED.

1991, taken by Assistant United States Attorney James Gelber. Deposition of Robert Mongeon at 16–41, attached to Gelber Affidavit as Exhibit A (Paper # 16). Nonetheless, the Second Circuit Court of Appeals has explicitly refrained from ruling on the permissibility of an adverse inference from a claim of Fifth Amendment privilege in a civil forfeiture proceeding. *United States v. 15 Black Ledge Drive, Marlborough, Conn.*, 897

F.2d 97, 103 (2d Cir.1990). As in *15 Black Ledge Drive*, any such adverse inference would not be a necessary—let alone a sole—basis for the determination of probable cause in the instant case, in view of the Government's other evidence. Therefore, it is not necessary to draw any inference whatsoever from Mongeon's assertion of his Fifth Amendment rights during his deposition.