**UNITED STATES, Plaintiff,**

v.

**ALL ASSETS OF BLUE CHIP COFFEE, INC., et al., Defendants.**

Nos. 91 CV 2713 (SJ), 91 CV 3758 (SJ).

United States District Court,
E.D. New York.

Oct. 27, 1993.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Richard Hayes, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

John M. Leventhal, Rosenthal, Vallario, Leventhal & Coffinas, Brooklyn, NY, for claimants Anthony Viola and Anna Viola.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

Plaintiff United States of America ("Government") has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment, granting forfeiture of claimant Anthony Viola's ("Viola") interest in the defendants *in rem.* Claimants Anthony Viola and Anna Viola ("Claimants") have cross-moved for partial summary judgment, and additionally moved for an Order granting leave to claimant Anna Viola ("Anna Viola") to file a Notice of Claim out of time and to file an Answer.[1]

## BACKGROUND

On December 4, 1992, after a jury trial in this Court, Viola was convicted of numerous crimes including conspiring and attempting to possess cocaine, trafficking in huge amounts of stolen goods and violating the Racketeer Influenced and Corrupt Organizations Act (RICO). *United States v. Anthony Viola, et al.,* 91 CR 800 (S–5) (SJ) (*"United States v. Viola"*). The RICO enterprise in which Viola was convicted of participating was headquartered at the offices of Blue Chip Coffee, Inc. ("Blue Chip"), a company which Viola owns and operates. Blue Chip is headquartered at the defendant premises 615 Sackett Street, Brooklyn, New York ("615 Sackett"), 601 Sackett Street, Brooklyn, New York ("601 Sackett") and 41 Summit Street, Brooklyn, New York ("41 Summit"). Blue Chip also occupies a warehouse at 45 Summit Street, Brooklyn, New York ("45 Summit") which is also a defendant in this action.

The Government contends that, as a result of their role in Viola's criminal enterprises, all of these properties including defendant

---

1. Viola also moved to hold these motions in abeyance pending the final disposition of the criminal proceedings against him. This motion was denied by this Court. Order, *United States v. All Assets of Blue Chip Coffee, et al.,* 91 CV 2713, 91 CV 3758 (E.D.N.Y. March 2, 1993).

Blue Chip are subject to forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.

## DISCUSSION

*Motions for Summary Judgment*

The government has moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; the claimants have cross-moved for summary judgment.

■ Summary judgment is proper if the evidence developed during discovery shows that there is no genuine issue as to any material fact and that the moving party is thus entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Eastman Machine Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988).

■ In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Where, as here, both parties move for partial summary judgment, the court generally is required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Eastman Machine*, 841 F.2d at 473.

■ In a forfeiture proceeding, however, the burden of proving whether a genuine issue of material fact exists is somewhat modified, as is the burden shifting between the movant and the claimant. *United States v. 303 West 116th Street*, 901 F.2d 288, 290–91 (2d Cir.1990) In an action for civil forfeiture, the government must demonstrate that there was probable cause for the forfeiture, that is that there were reasonable grounds to

believe that the property was subject to forfeiture. *Id.* at 291. Once the government has met this initial burden, the burden shifts to claimant to establish either that the property was not used for an unlawful purpose or that such use was without the claimant's knowledge and consent. *Id.*

Two different statutes at issue here provide for the forfeiture of property that has been involved in criminal enterprises. The drug forfeiture statute, 21 U.S.C. § 881, subjects to forfeiture any property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate" the commission of narcotics transactions. 21 U.S.C. § 881(a)(7). The second civil forfeiture statute renders forfeitable any property "involved" in trafficking in or "laundering" unlawfully obtained goods, in violation of 18 U.S.C. § 1956. 18 U.S.C. § 981(a)(1)(A).

The government argues that the defendant properties are subject to forfeiture as a matter of law. The government alleges that the defendant 615 Sackett was continuously used by Viola to plot the narcotics dealings for which he was convicted. The government further alleges that the unlawfully obtained goods, in which Viola was convicted of trafficking, were stored on the premises of defendants 601 Sackett, 41 Summit, and 45 Summit and that the trafficking occurred through the vehicle of defendant Blue Chip. Claimant argues that defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip are not subject to forfeiture as the statute permits the forfeiture only of properties acquired with the proceeds of illegal activity.

For the following reasons, the government's motion for partial summary judgment is granted in its entirety. The claimants' motion for partial summary judgment is denied.

*Forfeiture Under Narcotics Statutes*

■ The government asserts that defendant 615 Sackett is subject to forfeiture pursuant to 21 U.S.C. § 881.

Section 881 of the narcotics statute provides for the forfeiture of "all real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of [a felony violation of

Title 21, United States Code.] 21 U.S.C. § 881(a)(7).

The government alleges, and Viola has offered no evidence, to dispute that defendant 615 Sackett Street was used in the narcotics dealings with which Viola was convicted in *United States v. Viola.* The government has therefore sustained its burden of proving that defendant 615 Sackett is subject to forfeiture to the government pursuant to 21 U.S.C. § 881, due to its role in facilitating the conspiracy and attempt to possess cocaine of which Viola was convicted.

The government's motion for partial summary judgment as to defendant 615 Sackett is granted. The claimants' motion for partial summary judgment as to defendant 615 Sackett is denied.

*Forfeiture Pursuant to 18 U.S.C. § 981*

■ The government further asserts that defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip are subject to forfeiture pursuant to 18 U.S.C. § 981.

Section 981 renders forfeitable those properties which are either derived from the proceeds of or involved in the violation of certain statutes. There is no dispute either as to the ownership of defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip or as to whether the properties were used in the criminal activity of which Viola was convicted. The government has alleged that the defendant properties were used, among other things, to store, hide and distribute stolen property and the claimants do not dispute that the defendant properties were used for these purposes. The government has, therefore, met its burden of proving that there is no genuine issue of material fact in regard to the forfeiture of defendant properties.

The disputes to be resolved here are legal issues: first, what constitutes the involvement of property in a criminal transaction for the purposes of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and, second, whether the criminal activity for which Viola was convicted subjects the properties to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

*Involvement of Property in Transaction*

■ In order to be subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), proper-

ty need only be "involved" in a transaction or attempted transaction. The claimants incorrectly argues that to be "involved" in a criminal activity for the purposes of forfeiture under 18 U.S.C. § 981, the property must "represent proceeds of a specified criminal activity." The government does not allege that the defendant properties represent the proceeds of criminal activity. Rather, the government correctly states that 18 U.S.C. § 981(a)(1)(A) requires only that the property be "involved in a transaction or attempted transaction" in violation of specified statutes.

The Congressional intent to subject to forfeiture under 981(a)(1)(A), properties that are merely "involved" in criminal transactions is evidenced by the more exacting language of sections 981(a)(1)(B) and 981(a)(1)(C). Sections 981(a)(1)(B) and 981(a)(1)(C) permit the forfeiture of properties "constituting, deriv[ing] from, or traceable to" the proceeds of specified criminal activities. 18 U.S.C. § 981(a)(1)(B), (a)(1)(C). Had Congress meant to narrow the definition of the involvement of forfeitable property in the transactions specified in section 981(a)(1)(A), it would have to look no further than the next provisions of that statute for the language to do so. Order, *United States of America v. Real Property,* Nos. 90–46–Civ–T(B), 90–47–Civ–T(B), 1990 WL 305391 (M.D.Fla. February 12, 1990) (Congress intended "property involved" to include property used to facilitate the laundering process).

Defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip were sufficiently "involved" in the criminal transactions for which Viola was convicted that they are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

*Criminal Activity for the Purposes of Forfeiture*

■ The final question is, is the activity for which Viola was convicted criminal activity of the sort specified by section 981(a)(1)(A) such that the defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip are subject to civil forfeiture.

The statute at issue here, 18 U.S.C. § 1981(a)(1)(A), renders forfeitable property

"involved" in violations of 18 U.S.C. § 1956. The government argues that Viola's conviction for dealing in stolen goods in interstate commerce in violation of 18 U.S.C. § 659 constitutes a violation of 18 U.S.C. § 1956 for the purposes of 18 U.S.C. § 981(a)(1)(A). Though this initially seems circular, the Court finds that this is the logical, and perhaps Congressionally anticipated, effect of these combined statutes.

The forfeiture statute at issue here, 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of any property involved in a transaction or attempted transaction "in violation of ... section 1956 of this title." 18 U.S.C. § 981(a)(1)(A).

Section 1956 of Title 18 penalizes money laundering activities. The statute may be violated by

"(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(1).

The "specified unlawful activity" described in section (a)(1) of the money laundering statute is defined, in part, as "any act or activity constituting an offense listed in section 1961(1) of this title." 18 U.S.C. § 1956(c)(7).

Section 1961(1) of Title 18 defines racketeering activities for the purposes of RICO. 18 U.S.C. § 1961(1). Those activities defined by 1961(1) include trafficking in stolen property in interstate commerce in violation of 18 U.S.C. § 659, one of the offenses of which Viola was convicted. *See Generally United States v. Taylor*, 984 F.2d 298, 301 (9th Cir. 1993) (offenses defined in § 1961(1) are incorporated into § 1956(c)(7)); *United States v. Real Property Known as 16899 S.W. Greenbriar*, 774 F.Supp. 1267 (D.Or.1991). Therefore, Viola's conviction under 18 U.S.C. § 659 constitutes a violation of 18 U.S.C. § 1956 for the purposes of 18 U.S.C. § 981(a)(1)(A).

In addition, section 981 is not intended to provide for forfeiture of those properties which were involved in activities which resulted in a criminal conviction pursuant to 1956. Section 982 provides for the *automatic* forfeiture of properties which were involved in criminal convictions under section 1956 or several other statutes. ("The court, in imposing sentence on a person convicted of an offense in violation of ... section 1956 ... shall order that the person forfeit to the United States any property, real or personal, involved in such offense.") 18 U.S.C. § 982(a)(1). Therefore, Congress intended section 981 to apply to those properties involved in activities for which there was no criminal conviction pursuant to section 1956. The application of § 981 to the forfeiture of properties involved in activities defined in section 1961(1) is therefore not only logical pursuant to that statute, but was probably the intended result of this web of forfeiture and money laundering statutes.

The government's motion for partial summary judgment is granted as to defendants 601 Sackett, 41 Summit, 45 Summit and Blue Chip. Claimant's motion for partial summary judgment is denied.

*Motion to file Notice of Claim and Answer*

Claimant Anna Viola has further moved for leave to file a late claim to the *in rem* defendants in this action.

■■■ Anna Viola asserts that she should be permitted to file a late claim to the defendants. The government argues that Anna Viola has shown no reasonable excuse for her failure to file a timely claim to the defendants.

A claimant in a civil forfeiture action may file a late claim only upon a showing of "excusable neglect." Fed.R.Civ.P. 6(b)(2), *United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir.1991).

Anna Viola has shown no excuse for her neglect to file a claim in this action. The only "excuse" which Anna Viola has offered is that she believed in her husband's innocence and therefore did not make a claim to the property prior to his conviction. This "excuse" is no excuse at all as an acquittal does not bar a forfeiture action. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984).

Having failed to file a timely claim to the *in rem* defendants, Anna Viola will not be given leave to file a late claim.

Anna Viola also asserts that she has standing to file a claim to the *in rem* defendants. In order to file a claim in a civil forfeiture action a claimant must have an interest in the seized item sufficient to permit her to contest the forfeiture. *Mercado v. United States Customs Service*, 873 F.2d 641, 644 (2d Cir.1989); *United States v. $364,960 in United States Currency*, 661 F.2d 319, 326 (5th Cir.1981). Anna Viola does not claim to have a title interest in the properties, but instead claims that she would have an interest in the properties in the event of divorce or of the death of her husband. While the applicable New York State statutes may, as Anna Viola argues, encourage divorce for the purpose of the evasion of the forfeiture laws, they do not apply here. Anna Viola is claiming a future interest in the *in rem* defendants, contingent upon the dissolution of her marriage through death or divorce. Because Anna Viola has not filed a timely claim to the *in rem* defendants, however, the Court need not reach the issue of her standing to bring such a claim.

Claimants' motion for leave for claimant Anna Viola to file a late claim to the *in rem* defendants is denied.

## CONCLUSION

Plaintiff's motion for partial summary judgment is GRANTED;

Claimants' motion for partial summary judgment is DENIED;

Claimant Anna Viola's motion to file a Notice of Claim out of time and to file an Answer is DENIED.