UNITED STATES, Plaintiff,

v.

ALL ASSETS OF BLUE CHIP COFFEE, INC., et al., Defendants.

Nos. 91 CV 2713 (SJ), 91 CV 3758 (SJ).

United States District Court, E.D. New York.

April 4, 1995.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Richard Hayes, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

---

·Michael Pollack, New York City, for plaintiff Anthony Viola.

## MEMORANDUM AND ORDER

JOHNSON, District Judge.

The following is an amended Memorandum and Order intended to clarify this Court's March 15, 1995 Memorandum and Order.

## INTRODUCTION

Claimant, Anthony Viola, moves for reconsideration of this Court's October 27, 1993 order granting the United States partial summary judgment of civil forfeiture as to the defendants *in rem*, and denying claimant's motion for partial summary judgment. This motion presents new legal issues which give cause for this Court to change its determination based upon the record that the claimant was not given notice before his properties were seized.

## BACKGROUND

On December 4, 1992, after a jury trial in this Court, Anthony Viola was convicted of numerous crimes including conspiring and attempting to possess cocaine, trafficking in large amounts of stolen goods, and violating the Racketeer Influenced and Corrupt Organizations Act (RICO). *United States v. Anthony Viola, et al.*, 91 CR 800 (s–5) (SJ), 1992 WL 333650 ("*United States v. Viola*"). The RICO enterprise, in which Viola was convicted of participating, was headquartered at the offices of Blue Chip Coffee, Inc. ("Blue Chip"), a company which Viola owned and operated. Blue Chip is headquartered at the defendant premises: 615 Sackett Street, Brooklyn, New York ("615 Sackett"), 601 Sackett Street, Brooklyn, New York ("601 Sackett"), and 41 Summit Street, Brooklyn, New York ("45 Summit") which is also a defendant in this action.

The government contends that, as a result of its role in Viola's criminal enterprises, all of these properties including defendant Blue Chip are subject to forfeiture pursuant to 21

U.S.C. § 881 and 18 U.S.C. § 981. The government seized the properties on July 23, 1991.

The claimant then moved for summary judgment to dismiss the government's claims against the defendants *in rem*. Viola maintained that the seizure of the defendant properties pursuant to the court issued warrant violated his due process rights as the seizure occurred without prior notice and opportunity to be heard. This Court denied the claimant's motion for summary judgment. *United States v. All Assets of Blue Chip Coffee, Inc., et al.*, 836 F.Supp. 104 (E.D.N.Y.1993) (Johnson, J.).

The claimant now brings this motion for reconsideration.

## DISCUSSION

 A motion for reconsideration may only be granted when a court has "overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." *Consolidated Gold Fields v. Anglo American Corp.*, 713 F.Supp. 1457 (S.D.N.Y.1989). A motion for reconsideration is left to the discretion of the court. *United States v. Clark*, 984 F.2d 31 (2d Cir. 1993). In his request for reconsideration of this Court's Order, claimant has cited case law which was originally overlooked by this Court. Therefore, claimant's motion for reconsideration is granted.

 In support of his motion for reconsideration, claimant points to *United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). In *Good*, the Supreme Court held that, absent exigent circumstances, the government must afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture. Though the Supreme Court decided *Good* two months after this Court granted the government's motion for summary judgment the holding in *Good* was intended to be applied retroactively.[1]

---

1. In *Good*, the Supreme Court held that its 1972 ruling in *Fuentes v. Shevin* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) meant that real property cannot be seized with out a prior hear-

ing. In *Fuentes*, the Court held that forfeiture statutes, which permit the seizure of property without an opportunity to be heard, were facially unconstitutional. The Court in *Good*, in 1993,

In its decision to grant the government's motion for summary judgment without a hearing this Court did not take into account the requirements of the Due Process Clause as established in *Good.* Had it done so, the result of the motion would have been different.

The government is allowed to seize property without a hearing only if there are exigent circumstances. *Good,* at ——, 114 S.Ct. at 498. In *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), a case cited by the Court in *Good,* the Court held that "the government could seize a yacht subject to civil forfeiture without affording prior notice or hearing," because of the ease with which the yacht could have been taken out of the court's jurisdiction had there been prior notice. *Good,* at ——, 114 S.Ct. at 500. The Court in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), also held that the deprivation of kitchen appliances and household furniture was significant enough to warrant a hearing. *Fuentes,* at 70–71, 92 S.Ct. at 1989.

However, according to the Supreme Court: "based upon the importance of the private interests at risk and the absence of countervailing Government needs ... the seizure of real property under 21 U.S.C § 881(a)(7) is not one of these extraordinary instances that justify the postponement of notice and hearing." *Good* at ——, 114 S.Ct. at 505.

Therefore, absent exigent circumstances, there must be an opportunity to be heard prior to the deprivation of property.

■ In this case there were clearly no exigent circumstances. The property being seized, as in *Good,* was real property not in jeopardy of being moved.

As the Court stated in *Good:*

"[r]equiring the government to postpone seizure until after an adversary hearing creates no significant administrative burden. From an administrative stand point it makes little difference whether that hearing is held before or after the seizure. And any harm that results from delay is minimal in comparison to the injury occasioned by erroneous seizure." *Good,* at ——, 114 S.Ct. at 504.

Thus, this Court's failure to factor the Fifth Amendment's Due Process consideration into the decision was an error and the claimant's motion for reconsideration is granted because the case law now cited by the plaintiff would have reasonably altered the result reached by the Court.

While the real property at issue in *Good* had been seized under 21 U.S.C. § 881(a)(7), the real property in this case was seized pursuant to both 21 U.S.C. § 881 and 18 U.S.C. § 981. However, we find the holding in *Good* to apply to both sections of the statute. The Court in *Good* based its holding on its earlier holdings in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) neither which address the seizure of property subject to 21 U.S.C. § 881 but which hold nonetheless that property cannot be seized without prior notice unless there are exigent circumstances. Therefore, although the Court was faced with property seized pursuant to 21 U.S.C. § 881 in *Good,* it is clear from the Court's opinion that any seizure of real property absent exigent circumstances requires prior notice.

## CONCLUSION

Claimant's motion for reconsideration is GRANTED; the decision denying claimant's motion for summary judgment is VACATED. The government is instructed to release all properties to the plaintiff immediately.

---

found that the 1989 seizure of the defendant's house without a prior hearing was unconstitutional.