**Wale Alaba OYEKOYA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 00 CIV 2596 SAS.**

United States District Court, S.D. New York.

April 27, 2001.

---

Wale Oyekoya, Malone, NY, pro se.

Marc A. Weinstein, Assistant United States Attorney, New York City, for United States.

### MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

The United States has seized $83,801.05 from three bank accounts opened by a person identifying himself as "Evan Goldberg", alleging that these funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because they are traceable to a bank fraud scheme that violated 18 U.S.C. § 1344. On April 5, 2000, pro se plaintiff Wale Alaba Oyekoya petitioned for the return of these funds, contending that the Government lacked probable cause to seize the funds and that he received inadequate notice of the forfeiture proceedings.[1] The Government moved to dismiss the petition. On August 1, 2000, that motion was denied. *See Oyekoya v. United States,* 108 F.Supp.2d 315, 320 (S.D.N.Y.2000) ("*Oyekoya I* ") .[2] Since then, the Government has conceded that notice was inadequate. *See* 9/7/00 Letter from Assistant United States Attorney Marc A. Weinstein at 1. The remaining inquiry is whether the Government had probable cause to seize the funds.

### I. Probable Cause

■■■ To establish probable cause, the Government bears the burden of demonstrating that it had "reasonable grounds to believe the property is subject to forfeiture, and that these grounds must rise above the level of mere suspicion." *United States v. Daccarett,* 6 F.3d 37, 55 (2d Cir. 1993) (quotation marks and citations omitted). "[T]he government must demonstrate only a 'nexus' between the seized property and illegal … activity, not a 'substantial connection.' " *Id.* at 56 (citation omitted). In determining whether or not such a nexus has been shown, the court's evaluation must be " 'a flexible one in which … [it] consider[s] the totality of the circumstances.' " *United States v. $15,270,885.69 on Deposit in Account No. 8900261137,* No. 99 Civ. 10255, 2000 WL 1234593, at *3 (S.D.N.Y. Aug.31, 2000) (quoting *United States v. $121,100.00 in U.S. Currency,* 999 F.2d 1503, 1506 (11th Cir.1993)); *see also In re Seizure of All Funds in Accounts in the Names Registry Publ'g, Inc.,* 68 F.3d 577, 580 (2d Cir.1995) ("Whether probable cause exists must be determined on the basis of the totality of the circumstances."). In the context of funds in a bank, the Government need not link the funds to any one particular transaction, but must establish "that there is probable

---

1. Oyekoya admits that he used the name "Evan Goldberg" to open these bank accounts. *See* 8/9/00 Declaration of Petitioner Wale Oyekoya at 3–4.

2. Familiarity with *Oyekoya I* is assumed.

cause to believe the funds represent proceeds traceable to [illegal] transactions." *Daccarett,* 6 F.3d at 56. A finding of probable cause may be based on hearsay and circumstantial evidence. *See id.; United States v. 228 Acres of Land and Dwelling Located on Whites Hill Road in Chester, Vt.,* 916 F.2d 808, 814 (2d Cir.1990).

A hearing was held on April 2, 2001, during which the Government examined one witness, Special Agent Michael Centrella who assisted in the investigation of the eleven counterfeit checks involved in the bank fraud scheme. Oyekoya cross-examined Agent Centrella. Through the testimony of Agent Centrella and the exhibits admitted into evidence, the Government demonstrated that the funds in the three Goldberg accounts were transferred from four bank accounts at European American Bank in New York, Commercial Bank in New York, Standard Federal Bank in Michigan, and Bank One in Texas. All the funds in each of these four accounts were directly traceable to the eleven counterfeit checks. Therefore, the Government has demonstrated that it had probable cause to believe that the funds seized from the three Goldberg accounts were traceable to the counterfeit check scheme.

## II. Petitioner's Defense

 Because the Government met its burden of establishing probable cause, the burden of proof shifts to petitioner to establish, by a preponderance of the evidence, that either (1) the factual predicates necessary to establish probable cause have not been met, or (2) he is an "innocent owner" of the property, lacking knowledge of its connection to the illegal activity. *Daccarett,* 6 F.3d at 57; *United States v.*

*All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 785 St. Nicholas Ave. and 789 St. Nicholas Ave.,* 983 F.2d 396, 403 (2d Cir.1993). "In the case of a bank account, the claimant bears the burden of proving that the account does not contain proceeds traceable to [illegal] transactions, but rather represents legitimate income." *785 St. Nicholas Ave.,* 983 F.2d at 403. The petitioner's burden here is heavier than the Government's. While the Government need only demonstrate "reasonable grounds" to establish a prima facie case for forfeiture, "the owner of the seized property must prove that the defendant property is legitimate 'by a preponderance of the evidence', a more stringent standard." *Daccarett,* 6 F.3d at 57 (quoting *United States v. All Right, Title & Interest in Real Property & Bldg. Known as 303 West 116th Street, New York, N.Y.,* 901 F.2d 288, 291 (2d Cir.1990)).

 On April 20, 2001, petitioner moved for summary judgment contending that: (1) the Government lacked probable cause when it seized the accounts; (2) he was not involved in the underlying offense; and (3) he is an innocent owner of the funds. I have already concluded that the Government had probable cause to seize the funds, and nothing in petitioner's moving papers suggests that the factual predicates necessary to establish probable cause have not been met. Petitioner's argument that he was not involved in the underlying offense is irrelevant because this is not a criminal action against petitioner, but a civil forfeiture of property. Finally, Oyekoya has failed to adduce a scintilla of evidence in support of his innocent owner defense.[3] Nor has petitioner shown that

---

**3.** Similarly, at the April 2, 2001 hearing, Oyekoya was given the opportunity to introduce evidence to demonstrate that he is an innocent owner of the funds or that these funds

represent legitimate income. Petitioner introduced no evidence in support of his innocent owner defense.

the funds represent legitimate income. Rather, petitioner rests on conclusory assertions, which are insufficient to create a material question of fact. *See United States v. One Parcel of Property Located at 15 Black Ledge Drive, Marlborough, Conn.,* 897 F.2d 97, 102 (2d Cir.1990) (upholding summary judgment for Government because petitioner's "bare claim that she had no knowledge of her husband's illegal activities" did not create a material question of fact).

Accordingly, petitioner's summary judgment motion is denied. Having found that the Government had probable cause to seize the funds and that petitioner has not satisfied his burden of demonstrating a defense, summary judgment is granted to the Government. *See 303 West 116th Street,* 901 F.2d at 291 (stating that if the claimant fails to introduce sufficient evidence raising a material question of fact as to a possible defense, summary judgment may be granted for the Government solely upon the basis of its showing of probable cause); *United States v. An Original Manuscript Dated November 19, 1778,* No. 96 Civ. 6221, 1999 WL 97894, at *5 (S.D.N.Y. Feb.22, 1999) ("Summary judgment for the government should be granted on a showing of probable cause that is unrebutted by an applicable defense, such as an innocent owner defense."). The Clerk of the Court is directed to close this case.

SO ORDERED: